UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOVELTY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:08-cv-0418-DFH-WTL |
| ) | |
| RCB DISTRIBUTING, INC. and ) | |
| R&B SALES, INC., ) | |
| ) | |
| Defendants. ) | |

ENTRY ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Novelty, Inc. and defendants distribute non-food novelty items to convenience stores and gas stations. Defendants sold a "Coffin Cigarette Strong Box" product that plaintiff Novelty claims infringed its copyrights.[1] Novelty requests damages and injunctive relief for alleged copyright infringement, unfair competition, trademark infringement, and violations of the Indiana Crime Victims Act, Ind. Code § 34-24-3-1.

Defendants have moved to dismiss this case for lack of personal jurisdiction and improper venue. In its opposition to this motion, Novelty suggests that the action be transferred to the Northern District of Texas if this district is not a

---

[1] Defendants RCB Distributing, Inc. and R&B Sales, Inc. are two separate corporations, but RCB sometimes does business as "R&B Sales." The defendants refer to themselves collectively as "R&B Sales," and this entry does the same.

proper forum. As explained below, this court cannot exercise personal jurisdiction over defendants without violating the Fourteenth Amendment to the United States Constitution. Accordingly, defendants' motion to dismiss is granted. Novelty's request for transfer is denied.

### Relevant Facts

Novelty is an Indiana corporation that operates out of Greenfield, Indiana. It has a copyright on certain "Coffin Cigarette" products. Pl. Ex. A. The U.S. Copyright Office maintains a searchable website. A search for "coffin cigarette" on this website produces information about Novelty's copyrights. Pl. Ex. B.

R&B Sales operates out of Dallas, Texas. It sells to companies in Texas and Oklahoma. R&B Sales owns convenience stores in Kansas, Louisiana, and New Mexico, and presumably in Texas and Oklahoma as well. Self Aff. ¶ 3. R&B Sales does not advertise in Indiana and does not maintain a public website. *Id.*, ¶ 10. R&B Sales purchases from one Indiana business, but it does so in Texas. *Id.*, ¶ 13. R&B Sales purchased its Coffin Cigarette product at a trade show in Nevada. *Id.*, ¶ 14. R&B Sales sold a very modest quantity of the Coffin Cigarette product only outside of Indiana. *Id.*, ¶ 20. R&B Sales recorded a total sale price of $1,723.00 and profits of $738.62. *Id.* Additional facts are stated below as needed.

*Standard of Review*

When personal jurisdiction is challenged pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that personal jurisdiction is proper. *Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Without an evidentiary hearing on this issue, plaintiff Novelty need only make a prima facie showing that R&B Sales is subject to personal jurisdiction in Indiana. *Id.* Novelty is entitled to the benefit of its allegations, unless those allegations are contradicted by the defendants' affidavits. *Id.* Any conflicts in affidavits and other specific evidence must be resolved in Novelty's favor, *id.*, but "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Cushing v. City of Chicago*, 3 F.3d 1156, 1161 (7th Cir. 1993); see *Search Force, Inc. v. Dataforce Int'l, Inc.*, 112 F. Supp. 2d 771, 774 (S.D. Ind. 2000) (applying the *Cushing* standard to a Rule 12(b)(2) motion).

*Discussion*

I.  *Personal Jurisdiction*

Where federal law does not provide for nationwide service of process, a federal district court has personal jurisdiction over a non-resident defendant if a court of the state in which it sits would have such jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); *Purdue Research*, 338 F.3d at 779. The determination of personal

jurisdiction requires a two-step inquiry: (1) whether the defendant falls within the reach of Indiana's long-arm statute; and (2) whether the exercise of jurisdiction over the defendant comports with the requirements of federal due process. *Purdue Research*, 338 F.3d at 779.

Indiana Trial Rule 4.4(A) is Indiana's "long-arm" statute governing the extent of personal jurisdiction. Trial Rule 4.4(A)(2) authorizes jurisdiction in Indiana for claims arising from a defendant's action "causing personal injury or property damage by an act or omission done within this state." That provision does not apply here because there is no claim that R&B Sales acted or omitted any action in Indiana. Trial Rule 4.4(A)(3) authorizes jurisdiction in this state for acts "causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if [the defendant] regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state." That provision also does not apply here, for Novelty cannot show that R&B Sales regularly does or solicits business in this state or has any other link to Indiana beyond Novelty's alleged injuries. No other specific basis for jurisdiction in Trial Rule 4.4(A) applies here.

As amended in 2003, however, Indiana Trial Rule 4.4(A) also allows jurisdiction in Indiana "on any basis not inconsistent with the Constitutions of this state or the United States." "The 2003 amendment to Indiana Trial Rule

4.4(A) was intended to, and does, reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

Purposeful conduct that is calculated or known to cause injury to a person in the forum will ordinarily support personal jurisdiction in that forum. See *Calder v. Jones*, 465 U.S. 783, 791 (1984); *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997); *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. P'ship*, 34 F.3d 410, 411-12 (7th Cir. 1994). Novelty relies on this "effects test" to establish jurisdiction over R&B Sales in Indiana, but application of the effects test here would require an unprecedented and unwise extension of the test.

The effects test requires intentional harm to a plaintiff in the forum state. In *Calder v. Jones*, for example, an entertainer sued a reporter and editor in California over an allegedly libelous tabloid article that was written and published in Florida and distributed nationwide. The United States Supreme Court affirmed a California court's exercise of personal jurisdiction over the Florida residents. The Supreme Court reasoned that jurisdiction was appropriate because the plaintiff's forum was the focal point both of the defendants' story and of the harm suffered by the plaintiff. *Calder*, 465 U.S. at 788-89. The Court distinguished between "mere untargeted negligence" and "intentional, and allegedly tortious, actions [that] were aimed at California." *Id.* at 788. The Court emphasized the

defendants' knowledge that their article "would have a potentially devastating impact upon respondent" and that they "knew that the brunt of that injury would be felt by respondent in the State in which she lives and in which the National Enquirer has its largest circulation." *Id.* at 788-89. In light of that knowledge, the Florida defendants could reasonably anticipate being haled into court in California to answer for the truth of the statements in their article. *Id.* at 789.

In *Indianapolis Colts*, the Seventh Circuit affirmed an injunction sought by the National Football League's Indianapolis Colts against the Canadian Football League's plan to name a team the "Baltimore CFL Colts." 34 F.3d at 411. The Indianapolis Colts had previously been located in Baltimore (and before that in Dallas). As the Baltimore Colts, the franchise had enjoyed great success, while in 1994, the franchise's more successful days in Indianapolis still lay ahead of it. The CFL defendants of course knew of the history of the "Colts" name in Baltimore and were trying to take commercial advantage of it. "By choosing a name that might be found to be confusingly similar to that of the Indianapolis Colts, the defendants assumed the risk of injuring valuable property located in Indiana." *Id.* The Seventh Circuit relied on *Calder v. Jones* to support the exercise of jurisdiction in Indiana. *Id.* at 412.

In *Janmark*, manufacturer Janmark sued rival Dreamweaver over telephone calls made in connection with a "mini shopping cart" product. *Janmark*, 132 F.3d at 1202. Dreamweaver, based in California, allegedly contacted Janmark's

-6-

customers in New Jersey and threatened them with legal action for copyright infringement. Janmark, based in Illinois, replied by suing Dreamweaver in Illinois for unfair business practices. The district court dismissed for lack of personal jurisdiction, but the Seventh Circuit reversed. Although the threatening phone call went from California to New Jersey, the Seventh Circuit relied on *Calder v. Jones*, the *Colts* case, and the effects test to authorize jurisdiction in Illinois based on the foreseeable injury to the plaintiff. *Id.*

The common thread in these effects test cases is the *intentional* infliction of harm to a plaintiff in the forum state, as the Supreme Court in *Calder* pointed out in distinguishing negligence cases. 465 U.S. at 789-90. Without intentional actions causing foreseeable harm in the forum state, there can be no personal jurisdiction under the effects test. Potential defendants should not come under the power of distant courts by chance, and they certainly should not be surprised by the jurisdictional consequences of their actions. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1278 (7th Cir. 1997).

To try to show intent, Novelty alleges that R&B Sales intentionally violated its copyrights. Compl. ¶ 19. R&B Sales denies this allegation with affidavit evidence. Self Aff. ¶ 16. Because R&B Sales challenges this claim with evidence, Novelty must come forward with some evidence on the point to support personal jurisdiction. *Purdue Research*, 338 F.3d at 782. Novelty's evidence, even if taken as true, would not support a finding that R&B Sales knew of Novelty's copyrights

-7-

or knew that its sales of the "Coffin Cigarettes" product would have a harmful effect in Indiana. Novelty offers nothing to suggest that R&B Sales actually knew its out-of-state purchase and sale of merchandise might harm an Indiana resident.

Instead Novelty relies on a theory of constructive knowledge. Novelty has submitted a certificate of registration for a Coffin Cigarette Case from the U.S. Copyright Office. Pl. Ex. A. Novelty also includes a computer screen-shot from a search on the U.S. Copyright Office's website for the search-term "coffin cigarette." Pl. Ex. B. Novelty claims that the availability and ease of this copyright search established R&B Sales' constructive knowledge of Novelty's copyright.

Novelty's reliance on constructive knowledge proves too much and seeks an unprecedented expansion of the effects test. Congress did not create national service of process under the Lanham Act or the Copyright Act. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 550 (7th Cir. 2001) (no national service of process for the Lanham Act); *Janmark*, 132 F.3d at 1201 (no national service of process for the Copyright Act). Trademark and copyright infringements may occur unintentionally. An allegation of infringement should not, by itself, force the offending party to defend a suit anywhere a plaintiff might reside and file suit. If the Copyright Office website established "constructive knowledge" supporting personal jurisdiction in the plaintiff's home forum, that would essentially allow nationwide service of process for any alleged infringement under the Copyright

and Lanham acts. The Copyright Act and the Lanham Act are not so broad. The bare existence of a searchable copyright directory is not sufficient to show that R&B knew its alleged actions would have a harmful effect in Indiana. Constructive knowledge cannot substitute for actual intent in the effects test.[2]

Other courts have criticized the holdings of *Indianapolis Colts* and *Janmark*, finding that something more than an intentional tort should be required under the *Calder* effects test. See, *e.g.*, *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 263-64 (3d Cir. 1998) (criticizing *Janmark* and noting division among federal circuits); *Pavlovich v. Superior Court*, 58 P.3d 2, 9 (Cal. 2002) (same). *Indianapolis Colts* and *Janmark* are binding precedent for this court and must be followed. See, *e.g.*, *Nerds on Call, Inc. v. Nerds on Call, Inc.*, 2008 WL 2225641, *4 (May 27, 2008) (following *Indianapolis Colts* and *Janmark* to deny motion to dismiss where Indiana plaintiff alleged intentional infringement of its trademark by California defendant after notice of infringement). In this case, however, Novelty seeks to extend the effects test by relaxing the earlier cases' requirement of intentional harm in the forum state. That extension would be a dramatic expansion of personal jurisdiction, which the Supreme Court has insisted must be based upon a defendant's intentional and purposeful activities. See generally *Burger King*

---

[2]Novelty also argues that R&B is subject to personal jurisdiction because it "willfully" infringed Novelty's copyright under 17 U.S.C. § 504(c)(2). Pl. Br. 2. Section 504 entitles a victim of willful copyright infringement to additional money damages. This statute has no bearing on personal jurisdiction, and the statutory standard differs from what constitutional due process requires. See *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511-12 (7th Cir. 1994) (defining "willful").

*Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). Novelty has not established personal jurisdiction over defendants in this case.

II.     *Dismissal or Transfer?*

As an alternative to dismissal, Novelty has suggested a transfer of venue to the Northern District of Texas under 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A district court may transfer an action even if it had no jurisdiction over the defendants to begin with. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962). This action should be dismissed and not transferred.

"Congress enacted § 1406(a) to avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Continental Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 608 (7th Cir. 2003) (affirming § 1406(a) dismissal), quoting *Goldlawr*, 369 U.S. at 466. But where there is nothing obscure about the proper forum, it is appropriate for a district court to dismiss a suit filed elsewhere. *Id.* Although a dismissal may place a large burden on a plaintiff, the "proper penalty for obvious

-10-

mistakes that impose costs on opposing parties and on the judicial system is a heavy one." *Id.*

Here, Novelty chose a clearly inappropriate forum for litigation in an attempt to force R&B Sales to incur significant expenses to defend itself in a distant forum in a case involving minimal financial stakes. R&B Sales' Coffin Cigarette transactions all occurred outside of Indiana. Novelty has presented no evidence to show that these transactions could have been anything more than the ordinary distribution of a few hundred dollars worth of consumer goods without knowledge of plaintiff's alleged rights. It is not in the interest of justice to transfer this case to the Northern District of Texas. If Novelty wishes to start over in Texas, it may try to do so, but the court will not transfer this case.

*Conclusion*

R&B Sales' motion to dismiss for lack of personal jurisdiction is granted. Novelty's request to transfer the case to the Northern District of Texas is denied. Final judgment shall be entered dismissing the action for lack of personal jurisdiction over the defendants.

So ordered.

Date: July 9, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court

-12-

              Southern District of Indiana

Copies to:

Eric E. Lamb
OVERHAUSER LAW OFFICES, LLC
elamb@overhauser.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmaclaw.com

Dennis Scott Schell
OVERHAUSER LAW OFFICE
dschell@overhauser.com

Maureen E. Ward
WOODEN & MCLAUGHLIN LLP
mward@woodmaclaw.com